IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| MARK AND BRENDA MARTINEZ | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:20-cv-00009 |
| | § | |
| MERIDIAN SECURITY INSURANCE | § | |
| COMPANY, AN ENTITY OF STATE AUTO | § | |
| INSURANCE COMPANIES | § | |
| *Defendant.* | § | |

## NOTICE OF REMOVAL

Defendant Meridian Security Insurance Company ("Meridian"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the lawsuit captioned *Mark and Brenda Martinez v. Meridian Security Insurance Company, An Entity of State Auto Insurance Companies*; Cause No. 19-12-38231-MCVAJA; In the 365th Judicial District of Maverick County, Texas.

## I.
## BACKGROUND

1. Plaintiffs Mark and Brenda Martinez (hereinafter "Plaintiffs") initiated the present action by filing their Original Petition in Cause No. 19-12-38231-MCVAJA; In the 365th Judicial District of Maverick County, Texas on December 9, 2019 (the "State Court Action").[1]

2. Meridian appeared and answered on January 24, 2020, asserting a general denial to the claims and allegations made in Plaintiffs' Original Petition.[2]

3. Pursuant to 28 USC § 1446(a) all a copy of all process, pleadings, and orders served upon Meridian in the State Court Action are incorporated in **Exhibit A**.

---

[1] *See* Plaintiffs' Original Petition with Citation, attached as Exhibit A.
[2] *See* Meridian's Original Answer, attached as Exhibit B.

4.	Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Meridian will give written notice of the removal to Plaintiffs through their attorney of record, and to the clerk of the 365th Judicial District Court of Maverick County, Texas.

5.	Pursuant to 28 USC §§ 1446(b)(1) and 1446(c)(1) this Notice of Removal has been timely filed within 30 days of service on Meridian of Plaintiffs' Original Petition and less than one year after the commencement of this action.

## II.
## JURISDICTION

6.	This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

**A.	Diversity of Parties**

7.	Plaintiffs are domiciled in Maverick County, Texas.[3] Pursuant to 28 U.S.C. § 1332(a), therefore, Plaintiffs are citizens of the State of Texas.

8.	Defendant Meridian Security Insurance Company is organized under the laws of Indiana and maintains its principal place of business in Ohio. Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Meridian is a citizen of Indiana and Ohio.

9.	Accordingly, there is complete diversity between the parties pursuant to 28 U.S.C. § 1332(a).

**B.	Amount in Controversy**

10.	Generally, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."[4] Removal is proper if it is "facially apparent" from the complaint that

---

[3]	Exhibit A, Plaintiffs' Original Petition with Citation, at ¶ 3.

the claims asserted exceed the jurisdictional amount.[5] Plaintiffs' Original Petition states "Plaintiffs are seeking monetary relief over $200,000 but not more than $1,000,000."[6] Therefore, it is facially apparent from Plaintiffs' Original Petition that the amount in controversy exceeds the jurisdictional threshold of $75,000.

11.     In addition, penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy.[7]  In this case, Plaintiffs further seek compensation for (1) actual damages, (2) prompt payment penalties, (3) attorney's fees, (4) exemplary damages, and (5) treble damages.[8] Accordingly, these additional categories of damages place the amount in controversy further in excess of $75,000.

12.     Therefore, the amount in controversy plainly exceeds $75,000, exclusive of interest and costs. Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

### III.
### CONCLUSION

13.     Removal of this action under 28 U.S.C. § 1441(a) is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

---

[4]     28 U.S.C. § 1446(c)(2); *see also Gutierrez v. Allstate Tex. Lloyd's*, No. EP-16-CV-315-PRM, 2017 U.S. Dist. LEXIS 156295, at *3 (W.D. Tex. Jan. 31, 2017).

[5]     *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). "If it is facially apparent that the amount in controversy likely exceeds $75,000 . . ., remand is not warranted unless the plaintiff establishes 'to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Ray Mart, Inc. v. Stock Bldg. Supply of Tex., L.P.*, 435 F. Supp. 2d 578, 588 (E.D. Tex. 2006) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

[6]     Exhibit A, Plaintiffs' Original Petition with Citation, at ¶ 2.

[7]     *H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

[8]     *See* Exhibit A, Plaintiffs' Original Petition with Citation, at ¶¶ 35-41.

14. WHEREFORE, Defendant Meridian Security Insurance Company hereby provides notice that this action is duly removed.

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
pkemp@smsm.com
Robert G. Wall
Texas Bar No. 24072411
rwall@smsm.com
C Daniel DiLizia
Texas Bar No. 24099800
ddilizia@smsm.com
Segal McCambridge Singer & Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

**ATTORNEYS FOR DEFENDANT MERIDIAN SECURITY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served via CMRRR this the 24th day of January, 2020 to:

Perry J. Dominguez                                        *#9414 7266 9904 2137 9569 41*
Perry Dominguez Law Firm, PLLC
1045 Cheever Blvd., Suite 103
San Antonio, Texas 78217
perry@pdattorney.com

*/s/ Patrick M. Kemp*
Patrick M. Kemp